542 So.2d 1354 (1989)
CITY OF SUNRISE, Appellant,
v.
NEWS AND SUN-SENTINEL COMPANY, Etc., et al., Appellees.
No. 87-3308.
District Court of Appeal of Florida, Fourth District.
April 26, 1989.
Jon M. Henning, City Atty., City of Sunrise, for appellant.
Wilton L. Strickland, Ricki Tannen and Gloria LaBate of Ferrero, Middlebrooks, Strickland & Fischer, P.A., Fort Lauderdale, for appellee-News and Sun-Sentinel Co.
ANSTEAD, Judge.
This is an appeal from an order holding that a meeting between the mayor of the City of Sunrise and a city employee is subject to the provisions of the Sunshine Law, section 286.011(1), Florida Statutes (1987). We reverse.
The mayor of Sunrise sought to hold a private meeting with a city employee concerning the discipline of the employee, the secretary to the city transportation director. The Sun-Sentinel claimed that the meeting would violate Florida's Sunshine Law, section 286.011(1), Florida Statutes, and sought a court order enjoining the private meeting. At a hearing on the request for injunction, Sun-Sentinel claimed that *1355 the meeting came within the scope of the Sunshine Law because it involved a city personnel matter of ongoing public interest. Sunrise responded that the mayor is a chief executive officer, not a board or commission, and his meetings with city personnel do not fall within the scope of the Sunshine Law, regardless of the fact that they may involve issues of public interest. Sunrise relied on Article IV of the City of Sunrise Charter in support of its contention that the mayor, not the city council, has the power to discipline city employees. Section 4.04(3) of article IV reads in part:
(3) as chief executive officer of the city, the mayor shall:
(a) Appoint, and when he deems it necessary for the good of the service, suspend or remove any city employees and appointive, administrative officers provided for by and under this Charter, except as otherwise provided by law, this Charter, and the personnel system and personnel rules adopted pursuant to this Charter
...
(b) Direct and supervise the administration of all departments, offices and agencies of the city, except as otherwise provided by this Charter or by law.
The trial court agreed with Sun-Sentinel and enjoined the meeting.
Florida's Sunshine Law, section 286.011(1), Florida Statutes (1987), provides:
(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
Section 286.011 should be broadly construed to give effect to its purpose of requiring government to conduct its business in public view. Wood v. Marston, 442 So.2d 934 (Fla. 1983). Relying on this broad public policy, the Sun-Sentinel contends that all meetings between the mayor and city employees are subject to the Sunshine Law if they involve matters that may be of public interest. We disagree.
Notwithstanding the broad public policy underlying section 286.011 it is apparent that not all meetings involving government officials are affected by the statute. For instance, this court has held that there must be a meeting between two or more public officials of a board, a commission or similar body in order for the Sunshine Law to apply:
Requisite to application of the sunshine law is a meeting between two or more public officials. Mitchell [v. School Bd. of Leon County], 335 So.2d 354 at 355 [Fla. 1st DCA 1976]. Accordingly, we hold that in order to state a cause of action for injunctive relief under section 286.011, Florida Statutes, a complaint must allege by name or sufficient description the identity of the public official with whom the defendant public official has violated the sunshine law.
Tobkin v. U.S. Health Corp., 530 So.2d 511 (Fla. 4th DCA 1988). It has also been held that meetings between executive officials of government and others are not covered by the Sunshine Law. In Bennett v. Warden, 333 So.2d 97 (Fla. 2d DCA 1976), the court held that meetings between a junior college president, as executive officer of the college board of trustees, and advisors for the purpose of fact finding to assist him in the execution of his duties were not "meetings" under section 286.011. Likewise, in Cape Publication, Inc. v. City of Palm Bay, 473 So.2d 222 (Fla. 5th DCA 1985), the court held that meetings between a city manager, prospective employees, and an advisory committee, that did not have any decision making functions, were not "meetings" under section 286.011. In Cape Publication, the meetings were interviews of prospective police chiefs by the city manager with the assistance of a committee formed to ask technical questions and offer comments.
Sunrise does not suggest that personnel matters are not within the confines of section 286.011(1). See Times Publishing Company v. Williams, 222 So.2d 470 (Fla. 2d DCA 1969). Instead, it suggests that the mayor is not within the confines of that *1356 section when he is carrying out duties, uniquely within his power. On the record before us it is undisputed that the mayor was performing his duties pursuant to section 4.04(3), article IV of the Sunrise Charter as chief administrative executive, when he sought to meet with the secretary of the transportation director. Under the charter, the mayor appears to have sole authority over the discipline of city personnel. The Sun-Sentinel has not shown that the charter, law, personnel system, or personnel rules of the city in any way contradicts the mayor's authority to investigate the personnel matter involved in the instant case. Nor does the Sun-Sentinel claim that the city commission has jurisdiction, either directly or by review, over such personnel matters. This is not a situation where the commission has such authority and has designated someone else to exercise the authority.
Since the mayor is not a board or commission, nor acting for such a board, meetings between him and city employees in regard to his duties, unrelated to those of a board or commission, are not "meetings" under section 286.011(1). In addition, it is apparent that no meeting between two or more public officials is involved. The mayor, therefore, was not required to give advance public notice and hold the meeting in public under the Sunshine Law.
For the reasons enunciated above, we reverse the order of the trial court and remand with directions for further proceedings consistent herewith.
GARRETT, J., concurs.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
I fully agree with the majority opinion as it is written, but there is more to this particular case than meets the eye. Borrowing from the language of the newspaper's brief, I note:
This case involves alleged misconduct and/or criminal activity at the City of Sunrise Garage. The Mayor suspended the Police Chief. The Police Chief charged that he was suspended because of an ongoing criminal investigation by his office into alleged criminal conduct at the Sunrise Garage. An employee at the [g]arage, Mrs. Goodyear, was then charged by the [s]tate with various criminal activity concerning the Sunrise Garage. The News and Sun-Sentinel Company was granted a preliminary injunction enjoining the Mayor from holding a secret hearing on the Police Chief's suspension. The Mayor of Sunrise also proposed a meeting privately with the [g]arage employee as a final grievance hearing.
The lower [c]ourt, in entering a permanent injunction regarding the Police Chief's hearing, ruled that the employee matter was to be conducted publicly as well. The City of Sunrise now appeals only that part of the lower court's order regarding the employee matter.
At the hearing on this matter below, the city admitted that "there are certain distinctions, but essentially they are the same." (emphasis supplied.) The "they" which I have emphasized consist of the police chief hearing and the proposed secret meeting, now before us, with the garage employee. As the newspaper's brief tartly observes, if the cases are "essentially the same," why then does the city only appeal the garage employee portion of the final judgment? Why indeed! I would affirm.