Robert J. Antonello Attorney for the Winter Haven Housing Authority
QUESTION:
Does s. 421.08(7), F.S., constitute an exception to the Government in the Sunshine Law, s. 286.011, F.S., thus permitting the Winter Haven Housing Authority Commission to conduct an employee termination hearing, or portions thereof, in a closed session?
SUMMARY:
Section 421.08(7), F.S., does not constitute an exception to, or exemption from the Government in the Sunshine Law, s. 286.011, F.S. Thus, any meeting of the Winter Haven Housing Authority Commission to conduct an employee termination hearing must be open to the public.
According to your letter, the personnel policy regulations of the Winter Haven Housing Authority (authority) vest the responsibility of dismissing authority employees with the executive director. A dismissed employee, however, may appeal such dismissal to the Housing Authority Commission (commission). You indicate that an employee dismissed by the executive director has made such an appeal to the commission.
The attorney for the employee has asserted that s. 421.08(7), F.S., constitutes an exception to the Sunshine Law, such that the hearing before the commission, or portions thereof, may be conducted in closed session. You state that it is your opinion that the statute does not constitute such an exception. I concur with your conclusion.
The Government in the Sunshine Law, s. 286.011, F.S., requires that all meetings of a public board or commission at which official acts are to be taken be open to the public.[1]
Clearly, the commission of a municipal housing authority created pursuant to s. 421.04, F.S., as a public body corporate and politic, is subject to the requirements of s. 286.011, F.S.
In considering the parameters of s. 286.011, F.S., the courts have held the statute extends to the deliberations and discussions of, as well as formal action taken by, a public board or commission.[2]
The discussion of personnel matters by a public commission does not, in the absence of a specific exemption, remove a meeting from the ambit of s. 286.011, F.S. As the court stated in Times Publishing Company v. Williams,[3]
personnel matters are not legally privileged or insulated from legislative control. Thus, this office stated in AGO 89-37, that a board of county commissioners conducting employment termination interviews of county employees was subject to the requirements of s. 286.011, F.S.
Moreover, The Supreme Court of Florida has stated that there is no exception to the Sunshine Law which would allow closed-door hearings or deliberations when a public board or commission is acting in a "quasi-judicial capacity."[4] Subsequent case law supports this conclusion.[5] The Attorney General's Office has, therefore, concluded that absent a specific statutory exemption, public boards or commissions are subject to s. 286.011, F.S., when acting in a quasi-judicial capacity.[6]
Section 421.08, F.S., sets forth the powers of a housing authority and provides in subsection (7) that an authority:
 Acting through one or more commissioners or other person or persons designated by the authority; to conduct examinations and investigations and to hear testimony and take proof under oath at public or private hearings on any matter material for its information; to administer oaths, issue subpoenas requiring the attendance of witnesses or the production of books and papers and to issue commissions for the examination of witnesses who are outside of the state or unable to attend before the authority, or excused from attendance; to make available to appropriate agencies, including those charged with the duty of abating or requiring the correction of nuisances or like conditions, or of demolishing unsafe or insanitary structures within its area of operation, its findings and recommendations with regard to any building or property where conditions exist which are dangerous to the public health, morals, safety, or welfare. (e.s.)
Exemptions from the Sunshine Law are to be narrowly construed while the requirements of s. 286.011, F.S., providing for access to meetings of public boards or commissions are to be liberally construed.[7] I find nothing in s. 421.08(7), F.S., evincing an intent by the Legislature to give the housing authority the power or discretion to close meetings which would otherwise be required to be open pursuant to state law. Rather the statute appears to merely set forth the general power of a housing authority to hear testimony and take proof under oath at hearings, a power may be exercised by one or more of its commissioners or by any other person or person designated by the authority to conduct such activities.[8] Nothing in the statute indicates more than a general recognition that the hearings may be public or private as prescribed by law. Meetings of the commission are prescribed by law, i.e., s. 286.011, F.S., to be open to public.
Accordingly, I am of the opinion that s. 421.08(7), F.S., does not constitute an exception to, or exemption from, the Government in the Sunshine Law, s. 286.011, F.S. Thus, a meeting of the Winter Haven Housing Authority Commission to conduct an employee termination hearing must be open to the public.
RAB/tjw
[1] See, s. 286.011(1), F.S., stating that "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."
[2] See, e.g., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969) (statute applies to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by that board or commission).
[3] 222 So.2d 470 (2 D.C.A. Fla., 1969).
[4] Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973).
[5] See, Occidental Chemical Company v. Mayo,351 So.2d 336, 340 n. 7 (Fla. 1977), in which the Supreme Court cited Canney in holding that the fact that the Public Service Commission's decision-making process had been characterized as quasi-judicial did not remove it from the Government in the Sunshine Law.
[6] See, e.g., AGO 83-43 (municipal board of adjustment, acting in quasi-judicial capacity, subject to s. 286.011, F.S.); AGO 75-37 (assessment administration review commission); AGO's 73-370 and 71-29 (civil service boards).
[7] Board of Public Instruction of Broward County v. Doran, supra.
[8] Cf., City of Sunrise v. News and Sun-Sentinel Company,542 So.2d 1354 (4 D.C.A. Fla., 1989), stating that where a mayor as chief executive officer, rather than the city council, is responsible under the city charter for disciplining city employees, meetings between the mayor and the city employee concerning the discipline of the employee are not meetings subject to the Sunshine Law.