Mr. Kenneth C. Jenne, II General Counsel North Broward Hospital District Post Office Box 14723 Fort Lauderdale, Florida 33302
Dear Mr. Jenne:
On behalf of the Board of Commissioners of the North Broward Hospital District, you ask for my opinion on substantially the following question:
Are the members of the Board of Commissioners of the North Broward Hospital District authorized to review the performance of the district's chief executive officer through a process in which each individual commissioner evaluates the chief executive officer's performance and sends his or her written comments to the chairman of the board for compilation and subsequent discussion with the chief executive officer?
In sum:
Pursuant to the special act creating the district, the Board of Commissioners of the North Broward Hospital District is responsible for assessing the performance of its chief executive officer and this review and appraisal process must be performed by the board in accordance with the provisions of s. 286.011, F.S., the Government in the Sunshine Law.
According to your letter, the North Broward Hospital District (the district) has entered into a five-year employment agreement with its president/chief executive officer (CEO). This contract makes provision for salary and annual performance reviews. Pursuant to this agreement, the district and its CEO will "agree on either the appropriate entity to perform the review or the appropriate standards by which the review shall be conducted." You state that, under the agreed upon procedure, members of the board are to complete individual performance appraisal and review questionnaires. These individual written responses will be forwarded to the chairman of the board, who will prepare a handwritten summary of these responses. The chairman will then meet with the CEO and provide him or her with an evaluation. It is the preparation of these performance appraisal and review questionnaires and their submission to the chairman of the board with which you are concerned.
The North Broward Hospital District was created by special act of the Legislature in 1951.[1] Section 4 of the act sets forth the powers of the Board of Commissioners of the North Broward Hospital District and, with regard to personnel matters, provides that the board may "appoint and employ a superintendent and such other agents and employees as said Board may deem advisable . . . ."[2]
Thus, the enabling legislation makes this power exercisable by the board as a collegial body.
The Government in the Sunshine Law, s. 286.011, F.S., requires that all meetings of a public board or commission at which official acts are to be taken be open to the public. The statute has been held to extend to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[3]
Generally, meetings of a public board or commission at which personnel matters are discussed are not exempt from the provisions of s. 286.011, F.S., in the absence of a specific statutory exemption.[4] Thus, this office has determined that the Sunshine Law applies to meetings of a board of county commissioners when interviewing applicants for county positions appointed by the board, when conducting job evaluations of county employees answering to and serving at the pleasure of the board, and when conducting employment termination interviews of county employees who serve at the pleasure of the board.[5] In contrast, when the mayor, as the chief executive officer of a municipality, rather than the city council, is responsible under a city charter for disciplining city employees, meetings between the mayor and a city employee concerning discipline are not meetings subject to the Sunshine Law.[6]
In analyzing the applicability of the Sunshine Law, The Supreme Court of Florida has stated that the statute must be construed "so as to frustrate all evasive devices."[7] Accordingly, this office has stated that the physical presence of two or more members of a board or commission may not be necessary.[8] For example, this office has previously determined that the use of a memorandum by a board or commission to avoid a public meeting may constitute a violation of the Sunshine Law even though two members are not physically present. If a memorandum reflecting the views of a board member on an issue pending before the board is circulated to other board members with each indicating approval or disapproval and upon completion of the signatures the memorandum has the effect of becoming the official action of the board, there is a violation of the Sunshine Law.[9]
Most recently, in AGO 90-3, a regional transit authority asked whether a proposed contract could be circulated among the members of the governing board of the authority for each member to make comments that would be provided to the other board members, without violating the Government in the Sunshine Law. The authority proposed to make the contract with the board members' comments available to the press and the public and to discuss the contract at a subsequent public meeting. The opinion concluded that a proposed contract could not be circulated among board members for comments to be provided to the other members, as this would be communication among the board members on an issue upon which the board would take official action and would therefore be subject to the Government in the Sunshine Law.
The special act creating the North Broward Hospital District makes personnel matters the responsibility of the board of commissioners of the district as a collegial body and such a meeting of a board or commission would be subject to the Sunshine Law.[10] The board cannot abrogate or modify that responsibility by contract or rule. The written comments of board members evaluating the performance of the CEO communicate information to the chairman of the board, who is also a board member, and such "discussions" must comply with the requirements of the Government in the Sunshine Law.
Thus, it is my opinion that the review and appraisal process for assessing the performance of its chief executive officer must be conducted by the Board of Commissioners of the North Broward Hospital District in a proceeding open to the public as prescribed by s. 286.011, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tlt
[1] See, Ch. 27438, 1951, Laws of Florida.
[2] While s. 4, Ch. 27438, Laws of Florida, has been amended a number of times, the pertinent language relating to the appointment and employment of personnel has not been changed. See, Chs. 80-464, 80-468, 84-399, 86-369, 90-485, and 91-351, Laws of Florida.
[3] See, Times Publishing Company v. Williams, 222 So.2d 470, 473
(2 D.C.A. Fla., 1969) (entire decision-making process affected by the Sunshine Law).
[4] Id.
[5] See, AGO 89-37.
[6] See, City of Sunrise v. News and Sun-Sentinel Company,542 So.2d 1354 (4 D.C.A. Fla., 1989).
[7] Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974).
[8] See, e.g., AGO 84-54 (meeting between representatives of a private organization and city commissioner appointed to act on the commission's behalf is subject to s. 286.011, F.S.) and AGO 74-47 (city manager who acts as liaison between board members or acts in place of board members at their direction is subject to s.286.011, F.S.).
[9] See, Informal Opinion to Mr. John Blair, June 29, 1973.
[10] With regard to the applicability of the Government in the Sunshine Law to special districts, see, AGO 74-169 (fire control district), AGO 73-8 (mosquito control district), and AGO 71-171 (special taxing district).