Dear Mr. Nicoletti:
On behalf of the City of Stuart, you ask the following question:
Are post-termination hearings before the city manager or a three member panel appointed by the city manager subject to the Government in the Sunshine Law, section 286.011, Florida Statutes?
You state that under the city's personnel rules, an employee terminated for cause is entitled to a post-termination hearing before the city manager for the purpose of appealing the termination decision made by the employee's department head and for the purpose of "name-clearing."[1]
Pursuant to section 39 of the city's personnel rules, the name clearing hearing
 "shall be conducted by the City Manager at a time mutually agreed upon between the City Manager and the employee. At the discretion of the City Manager the name clearing hearing may be combined with a disciplinary action appeal hearing. If requested by the City Manager, the City Attorney shall attend the hearing."[2]
Section 40 of the city's personnel policy provides the right to appeal for a regular employee who, among other things, has been disciplined by discharge. Section 40.2 provides in part that the "City Manager will meet with the employee to consider the complaint." Pursuant to section 40.3, "the City Manager may appoint a panel of three persons to consider an appeal and render an advisory decision to the City Manager.
In any case, the decision of the City Manager shall be final and binding." You, therefore, ask whether these meetings with the employee, and either the city manager or the three member panel, are subject to the Government in the Sunshine Law.
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires all meetings of a public board or commission at which official acts are taken to be open to the public.[3] The statute extends to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[4] Thus, this office has stated that a meeting of a commission to conduct an employee termination hearing is subject to the Sunshine Law.[5] The fact that a board or commission is discussing personnel matters does not, in the absence of a specific exemption, remove the committee from the ambit of section 286.011, Florida Statutes. As the court in Times Publishing Company v.Williams[6] recognized, personnel matters are not legally privileged or insulated from legislative control.
Notwithstanding the broad public policy underlying section 286.011, Florida Statutes, not all meetings involving government officials are affected by the statute. For example, in Sunrise v. News Sun-SentinelCompany,[7] the court stated that there must be a meeting between two or more public officials of a board, a commission or similar body in order for the Sunshine Law to apply. In that case, the mayor sought to hold a private meeting with a city employee concerning the discipline of the employee. The newspaper claimed that the meeting would violate the Sunshine Law, and sought a court order enjoining the private meeting. Since under the city charter, the mayor, not the city council, had the power to discipline city employees, the court held that the Sunshine Law did not apply to the mayor when he was carrying out duties, uniquely within his power:
 "Since the mayor is not a board or commission, nor acting for such a board, meetings between him and city employees in regard to his duties, unrelated to those of a board or commission, are not "meetings" under section 286.011(1)."[8]
In the instant inquiry, the city manager is responsible for the name clearing hearing and the appeal from discharge. Like the mayor inSunrise v. News Sun-Sentinel Company, supra, the Stuart city manager is not a board or commission, nor is he acting for such a board in conducting these meetings. While the city manager may request the city attorney to attend the hearing, the city's personnel policy indicates that it is the city manager, not the city manager and city attorney, who decides whether information presented to the city manager by the employee shall be placed in the employee's personnel file. This office has not been presented with any evidence that the city manager has delegated his authority to the city attorney and city manager to jointly consider and resolve the issues raised at these meetings.
Accordingly, I am of the opinion that post-termination hearings before the city manager are not subject to section 286.011, Florida Statutes.
Under the city's personnel policy, the city manager may appoint a three member panel to conduct the disciplinary hearing and to make a recommendation to the city manager. The courts have recognized that advisory boards whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency in any way are nonetheless subject to the Sunshine Law.[9]
For example, the Florida Supreme Court in Wood v. Marston[10] held that an ad hoc advisory committee appointed to screen applications and make recommendations for the position of dean of the law school at a public university played an integral part in the decision-making process and thus was subject to the Sunshine Law. The court noted that the committee had a "fact-gathering" role in the solicitation and compilation of applications and a decision-making role in deciding which of the applicants to reject from further consideration. The fact that the results were submitted to the faculty, which had the authority to review the work of the screening committee, did not, in the court's opinion, render the committee's function any less policy-based or decision-making.[11]
Similarly, in Attorney General Opinion 94-21, this office advised that the Sunshine Law governed the meetings of a negotiating team that was created by a city commission to negotiate with a sports organization on behalf of the city. Even though the resolution creating the team provided that the negotiations were subject to ratification and approval by the city commission, the negotiating team was authorized to do more than mere fact-finding in that it would be participating in the decision-making process by accepting some options while rejecting others for presentment of the final negotiations to the city commission.
In Attorney General Opinion 74-290, this office concluded that a grievance committee formed for the purpose of reviewing employee grievances and composed of three members, was subject to section286.011, Florida Statutes. Administrative rules provided for a grievance committee of three or five members whose job it was to receive grievances and make findings and recommendations to the agency head whose decision was deemed final in all grievances. Since the grievance committee was established pursuant to an administrative rule, was performing what was essentially a governmental function in hearing career service employee grievances, and met on matters on which foreseeable action would be taken by the agency head, this office concluded that the committee was subject to the requirements of the Sunshine Law. Similarly, Attorney General Opinion 84-70 concluded that the Sunshine Law applies to a staff grievance committee created to make nonbinding recommendations to a county administrator regarding disposition of employee grievances.
This office is aware of the decisions in Jordan v. Jenne[12] andKnox v. District School Board of Brevard.[13] In Knox, the Fifth District Court of Appeal held that an advisory committee appointed for the purpose of gathering information and impressions about the applicants for the position of principal was not subject to the Sunshine Law. Although the committee made recommendations, all the applications went to the superintendent who decided which applicants to interview and nominate to the school board. The court, therefore, held that the committee simply had a fact-finding role and that their meetings were not governed by section 286.011, Florida Statutes.
In Jenne, the Fourth District Court of Appeal considered whether the Sunshine Law applied to a professional standards committee (PSC) which reviewed allegations against a deputy sheriff. In a two-one decision, the court stated:
"Because the PSC provided only a mere recommendation to the inspector general and did not deliberate with the inspector general, the ultimate authority on termination, we conclude that the PSC does not exercise decision-making authority so as to constitute a "board" or "commission" within the meaning of section 286.011, and as a result, its meetings are not subject to the Sunshine Act. The PSC served only an advisory function, and although it made recommendations, the inspector general made the ultimate decision to terminate Jordan's employment with the [Broward County Sheriff's Office]."[14]
In Jenne, the PSC appeared to be acting in the nature of a probable cause panel. It reviewed the written investigative report and investigative file relating to allegations against a deputy sheriff and made recommendations as to whether the charges should be sustained, dismissed, or deferred for more information. A pre-disciplinary conference was subsequently held where the deputy had the opportunity to present evidence not addressed in the report and give a statement as to why the incident occurred. Following the pre-disciplinary conference, the inspector general made the determination on final discipline.
In the instant inquiry, however, the three-member panel is hearing the appeal of a decision to discipline the employee, whether to clear the employee's name or to overturn such a disciplinary decision. The city's personnel policy recognizes the establishment of the panel and prescribes its duties, including the authority to render a "decision," albeit advisory, to the city manager.[15] In conducting the hearing and in reviewing and weighing the evidence to determine whether such an appeal should be granted, the panel would appear to be playing an integral part of the decision-making process. As the Florida Supreme Court stated in Town of Palm Beach v. Gradison,[16]
"One purpose of the government in the sunshine law was to prevent at nonpublic meetings the crystallization of secret decisions as to a point just short of ceremonial acceptance. . . . The statute should be construed so as to frustrate all evasive devices. This can be accomplished only by embracing the collective inquiry and discussion stages within the terms of the statute, as long as such inquiry and discussion is conducted by any committee or other authority appointed and established by a governmental agency, and relates to any matter on which foreseeable action will be taken."
Accordingly, I am of the opinion that the three member panel established under the city's personnel policy should conduct its hearings in accordance with section 286.011, Florida Statutes.
Sincerely,
Bill McCollum
Attorney General
BM/tjw
[1] The courts have held that a public employer is required to provide the opportunity for a post-termination name clearing hearing when stigmatizing information is made part of the public record or otherwise published. See Buxton v. City of Plant City Florida, 871 F.2d 1037 (11th Cir. 1989); Garcia v. Walder Electronics, Inc., 563 So. 2d 723 (Fla. 3rd DCA 1990), review denied, 576 So. 2d 287 (Fla. 1990) (public employer has an affirmative duty to inform a discharged employee of his right to seek a post-termination name-clearing hearing).
[2] And see section 3.05(d) of the Stuart City Charter which provides that the city manager is "authorized to remove all nonprobationary subordinate officers and employees, union and nonunion, in the departments. . . ." And see section 3.04 of the charter providing that the city manager "shall be the administrative head of the municipal government. The city manager shall be responsible for the efficient administration of all the departments except for those under the control of the other charter officer."
[3] See s. 286.011(1), Fla. Stat., stating that "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ."
[4] See Times Publishing Company v. Williams, 222 So. 2d 470, 473
(Fla. 2nd DCA 1969) (entire decision-making process affected by the Sunshine Law).
[5] See Ops. Att'y Gen. Fla. 92-65 (1992) (meeting of housing authority commission to conduct an employee termination hearing must be open to the public); 76-102 (1976) (meeting of municipal housing authority commissioners to discuss grievances and other personnel matters subject to s. 286.011, Fla. Stat.); 77-132 (1977) (personnel council composed of citizens appointed by members of county commission to hear appeals from county employees who have been disciplined not authorized to deliberate in secret); and 80-27 (1980) (civil service board created by special act to administer a civil service system for deputy sheriffs and employees of the Office of the Sheriff is subject to s. 286.011, Fla. Stat.). And see Dascott v. Palm Beach County, 877 So. 2d 8 (Fla. 4th DCA 2004) (deliberations of pre-termination panel composed of the department head, personnel director, and equal opportunity director should have been held in the Sunshine).
[6] 222 So. 2d 470 (Fla. 2nd DCA 1969).
[7] 542 So. 2d 1354 (Fla. 4th DCA 1989).
[8] Id. at 1356.
[9] See, e.g., Spillis Candela Partners, Inc. v. Centrust SavingsBank, 535 So. 2d 694, 695 (Fla. 3rd DCA 1988), in which the court stated that "[a]n ad hoc advisory board, even if its power is limited to making recommendations to a public agency and even if it possesses no authority to bind the agency in any way, is subject to the Sunshine Law."
[10] 442 So. 2d 934 (Fla. 1983).
[11] And see Silver Express Company v. District Board of LowerTribunal Trustees of Miami-Dade Community College, 691 So. 2d 1099 (Fla. 3rd DCA 1997) (governmental advisory committees which have offered up structured recommendations — at least those recommendations which eliminate opportunities for alternative choices by the final authority, or which rank applications for the final authority — have been determined to be agencies governed by the Sunshine Law); Krause v.Reno, 366 So. 2d 1244 (Fla. 3rd DCA 1979) (group created by city manager and responsible for screening applicants for police chief and exercising an elimination process to reduce the number of applicants to four or five for recommendation to the city manager who would select police chief from those applicants subject to Sunshine Law).
[12] 938 So. 2d 526 (Fla. 4th DCA 2006).
[13] 821 So. 2d 311 (Fla. 5th DCA 2002). See Cape Publications, Inc.v. City of Palm Bay, 473 So. 2d 222 (Fla. 5th DCA 1985);accord, Op. Att'y Gen. Fla. 95-06 (1995) (when a group, on behalf of a public entity, acts solely as a fact-finder or information gatherer with no decision-making authority, no board or commission subject to the sunshine law is created).
[14] 938 So. 2d at 530.
[15] Section 40.3 "Step 3" of the city's personnel policy.
[16] 296 So. 2d 473, 477 (Fla. 1974).