SCHEB, Acting Chief Judge.
In 1979, the Board of County Commissioners of Charlotte County filed suit against the Ungers to enforce certain county zoning regulations. The county prevailed, and the court issued an injunction in 1982 requiring the Ungers to restrict parking by customers of their lounge on lots adjoining the Jenisters’ residential property. The court also ordered the Ungers to take other measures to protect the character of the adjacent residential properties.
In the following year, 1983, the Jenisters sued the Ungers alleging violation of several restrictive covenants. The Jenisters were successful, and in 1985 the court issued an injunction limiting the use of the Unger property and requiring them to install fences and hedges as a buffer to the adjoining lots.
On February 20, 1986, the court consolidated the two actions and found the Un-gers in contempt of court for violating the injunctions previously issued in the county’s suit and in the Jenister suit. Subsequently, on April 3, 1986, the court modified the injunction previously issued in the suit the Jenisters filed against the Ungers.
While the Jenisters appeared as witnesses in that proceeding, they were not parties *708 to it. They had not been notified in advance of the scope of the proceedings nor did they consent to the modification of the injunction. The modification provided that upon performance of certain conditions the Ungers could use part of their back lots for service vehicles access, which would result in a slight infringement on the Jenisters’ property.
The Jenisters filed this appeal challenging the court’s order of April 3, 1986, modifying the injunction. We find their appeal meritorious.
The trial court was without jurisdiction to modify the injunction since the Jenisters had not been furnished any notice of the court’s intention to alter their rights. Fundamental requirements of due process of law require, at a minimum, some notice and an opportunity to be heard before the court alters property rights. Hernandez v. Ward, 437 So.2d 781 (Fla. 2d DCA 1983).
We also note that the court improperly consolidated the county’s suit with the Jenisters’ suit, which was no longer “pending”. See Fla.R.Civ.P. 1.270(a); Seddon v. Harpster, 438 So.2d 165 (Fla. 5th DCA 1983).
We vacate the trial court’s order of April 3, 1986, and remand for such further proceedings as may be appropriate on notice to the Jenisters.
CAMPBELL and SCHOONOVER, JJ., concur.