665 So.2d 334 (1995)
Robin JOHNSON, Appellant,
v.
Kevin BEARY, etc., Appellee.
No. 94-2366.
District Court of Appeal of Florida, Fifth District.
December 22, 1995.
*335 Alton G. Pitts, P.A., Orlando, for Appellant.
G. Yates Rumbley of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for Appellee.
EVANDER, K.I., Associate Judge.
Appellant filed suit against the Sheriff of Orange County alleging unlawful termination of his employment. Appellant had been employed as a law enforcement officer by the Orange County Sheriff's Office from November 1981 until January 1992, when his employment was terminated by Sheriff Walter Gallagher.[1] The purported basis of appellant's termination was that, in August 1991, appellant allegedly committed a battery upon his wife. Appellant denied the battery charge and was never convicted of such offense.
Appellant's claim for unlawful termination is based on Chapter 89-507, Laws of Florida, a special act providing career service status for certain members of the Orange County Sheriff's Office. In his first amended complaint, appellant alleged, pursuant to such act, that appellant had achieved career service status and thus could only be terminated "for cause." Appellant further alleged that there was insufficient cause to support his termination. The sheriff moved to dismiss the first amended complaint arguing, among other things, that under common law a deputy sheriff was terminable at will and that under the instant facts, Chapter 89-507 afforded appellant no additional job security. The trial court granted the sheriff's motion to dismiss. Appellant's action was dismissed with prejudice after appellant acknowledged he could not further amend his complaint. This appeal ensued.
Prior to the enactment of Chapter 89-507,[2] deputies in the Orange County Sheriff's Office had no job security. They possessed no property right in their employment. Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982). Chapter 89-507, however, granted "career service status" (with some exceptions not relevant to this case) to all appointed sworn law enforcement deputy sheriffs who had served for a period of at least one year. The controversy in this case is caused, in large part, by subsection (1)(4)(a):
When a newly elected or appointed sheriff assumes office; the new sheriff shall continue the career service status of current career service personnel unless cause for dismissal or demotion exists.
The sheriff argues that Chapter 89-507 only provides job protection against personnel actions taken by a newly elected sheriff at the time he assumes office. This court rejects such argument. To accept the sheriff's position would mean that a deputy sheriff would be terminable at will by the sheriff who appointed him, then terminable only for cause by a newly elected sheriff for some undefined period of time. The deputy sheriff would then be terminable at will again upon the expiration of such undefined period of time until the election of a new sheriff, at which time the deputy sheriff would again be terminable only for cause. Such statutory construction not only would produce the aforesaid illogical result, but would render Chapter 89-507's provision granting deputy sheriffs "career service status" virtually meaningless. Construction of a statute which would lead to an absurd result should be avoided. State v. Webb, 398 So.2d 820 (Fla. 1981).
A statute which allows a demotion or dismissal only on the basis of "cause" creates a constitutionally protected interest in public employment. Kelly v. Gill, 544 So.2d 1162 (Fla. 5th DCA) rev. denied, 553 So.2d 1165 *336 (Fla. 1989). We interpret subsection (1)(4)(a) to simply be a confirmation that such job protection continues notwithstanding the election of a new sheriff.
Having determined that appellant has sufficiently alleged a property interest in his continued employment, the next issue is whether appellant has pursued the proper remedy in circuit court. The sheriff contends that appellant may not pursue an independent action for wrongful termination, but instead must timely seek certiorari review of the dismissal. We agree.
In the present case, there is no allegation that the sheriff failed to comply with the disciplinary procedure set forth in Chapter 89-507, or otherwise failed to accord appellant procedural due process. Appellant was provided written notice of his supervisor's intent to impose discipline and, as permitted by Chapter 89-507, requested a hearing before the Disciplinary Appeal Board. A hearing was held before such Board on January 10, 1992. The sheriff followed the Board's recommendation and rendered a written decision terminating appellant's employment.
In the analogous case of Brevard County v. Miller, 452 So.2d 1104 (Fla. 5th DCA) rev. denied, 459 So.2d 1042 (Fla. 1984), the plaintiff deputy sheriffs brought separate independent actions for damages in the circuit court seeking full back pay, benefits, attorney's fees and interest against the Brevard County Sheriff's department. Such action was filed after the plaintiffs had successfully challenged their dismissal before the Brevard County Sheriff's Civil Service Board. The Civil Service Board had determined that the plaintiffs had been wrongfully terminated without cause and had awarded plaintiffs all back pay to which they claimed entitlement. The circuit court, acting in its appellate capacity, affirmed the Civil Service Board's determination that the plaintiffs had been wrongfully terminated. However, the circuit court reversed the Civil Service Board's award of back pay for that period of time in excess of thirty days, finding the special act creating the Civil Service Board limited the Board's authority to award back pay to a thirty-day back pay award. The circuit court further noted:
We express no opinion as to the rights of these (plaintiffs) to successfully maintain separate civil actions for back pay for time loss beyond the thirty days relevant here, or the alleged duty of (plaintiffs) to mitigate any such loss.
After the rendering of the circuit court's appellate panel decision, the plaintiff deputy sheriffs instituted separate independent actions to recover the remainder of their back pay, plus benefits, attorney's fees and interest. The trial court ultimately entered final judgment for the plaintiffs for all such damages. On appeal, this court reversed, finding that the plaintiff deputy sheriffs were not entitled to any compensation other than that provided by the Brevard County Sheriff's Civil Service Act, to wit: thirty days' back pay.
In the present case, Chapter 89-507 provides for no award of back pay or other compensation in the event of wrongful termination. Appellant's remedy is thus limited to seeking reinstatement in the circuit court by certiorari review. Although this result may initially appear harsh, it must be noted that prior to the enactment of Chapter 89-507, the appellant could be terminated without cause and have absolutely no remedy. The fact that the legislature enacted a Civil Service Act to benefit Orange County deputy sheriffs does not mean that the legislature was also required to grant the fullest possible range of remedies for wrongful termination. Accordingly, the trial court's order dismissing appellant's complaint is hereby AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., concurs in part; dissents in part, with opinion.
W. SHARP, Judge, concurring in part and dissenting in part.
I agree with the majority opinion's construction of Chapter 89-507 that it provides job protection for personnel while serving under an incumbent as well as a newly elected sheriff. As the majority noted, career service status would be virtually meaningless if Chapter 89-507 is read to apply only to *337 persons serving under a newly elected sheriff for some undefined period of time. However, not to afford a wrongfully discharged deputy a remedy makes the job security provisions in the Chapter virtually meaningless, also. Thus I dissent from the majority's conclusion that Johnson's (the appellant's) only remedy was to seek certiorari review of his wrongful dismissal.
Certiorari review is only appropriate in those cases where a party is afforded a hearing before an administrative board, or other forum, and a record is made there that can later be reviewed by a court. Chapter 89-507 has no such provision. And in this case, there was no hearing, nor a record which a circuit court could have been asked to review on certiorari.
That is the primary difference between this case and Thomas v. Brevard County Sheriff's Office, 456 So.2d 540 (Fla. 5th DCA 1984). Thomas was before this court on a petition for certiorari to review a decision of the circuit court which was sitting in its appellate capacity. In that case, the applicable law created a Civil Service Board to administer their civil service system for deputies and sheriff employees. The dismissed deputy had the right to a hearing before the Board, and a hearing was held. The Board reduced the penalty imposed by the sheriff. An appeal was taken to the circuit court, and it ruled this action by the Board was not permitted by the applicable law. Certiorari review by this court was very limited in scope, and we simply held the circuit court correctly applied the law, and had afforded the deputy procedural due process.
In this case, Johnson has never been afforded a hearing, the result of which he could appeal to the circuit court, nor seek certiorari review, if that remedy were appropriate. Chapter 89-507 makes no provision for a hearing, or for any kind of review, be it by appeal or certiorari, to the circuit court. Thus, in my view, the only way Johnson can assert his rights which we now hold he has,[1] is to file an independent suit against the Sheriff. He alleged he should have been reinstated at his prior level of employment, and this has not been done. He also asked for back-pay as damages.
As the majority notes, Chapter 89-507 makes no provision for an award of back pay or other compensation in the event of wrongful termination. I am not prepared at this point to say that such a remedy is inappropriate to enforce a deputy's rights under this Chapter. But clearly Johnson is entitled, at least, to reinstatement at his former rank. I would reverse the trial court's order which dismissed Johnson's complaint, and remand for further proceedings.
NOTES
[1] Appellant was subsequently re-employed by Gallagher's successor, Kevin Beary, but at a lower rank than he held at the time of his termination.
[2] Chapter 89-507 became effective October 1, 1989. The act was of local application  governing only the Orange County Sheriff's Office.
[1] When a property right has been established, a right to a hearing is guaranteed under the Due Process Clause once impairment of that right occurs. Jenister v. Unger, 507 So.2d 707 (Fla. 2d DCA 1987); Metropolitan Dade County v. Sokolowski, 439 So.2d 932 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 488 (Fla. 1984). The record in this case only reveals that a hearing on the motion to dismiss was held. Unless this hearing provided Johnson an opportunity to present evidence and to cross-examine witnesses, he has been denied his due process rights. Jennings v. Dade County, 589 So.2d 1337, 1340 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1972); Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 652 (Fla. 3d DCA 1982). Where a statute is silent as to due process rights, they are constitutionally implied. Hollywood Jaycees v. State Dept. of Revenue, 306 So.2d 109 (Fla. 1974). Even a licensee with a property right in his business license cannot be deprived of that license absent due process. Vicbar v. City of Miami, 330 So.2d 46 (Fla. 3d DCA 1976).