821 So.2d 311 (2002)
Shannon KNOX, Appellant,
v.
DISTRICT SCHOOL BOARD OF BREVARD, etc., et al., Appellees.
No. 5D01-2384.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
Rehearing Denied July 16, 2002.
*312 Shannon McLin Carlyle of the Carlyle Appellate Law Firm, Leesburg, for Appellant.
Patricia K. Olney of Patricia K. Olney, P.A., Port Canaveral, and Harold T. Bistline of Stromire, Bistline & Miniclier, Cocoa, for Appellee.
SHARP, W., J.
Knox appeals from the trial court's order which denied her request for a temporary injunction against the Brevard County School Board and others for alleged violations of Florida's "Sunshine Law," section 286.011.[1] We conclude that Knox failed to show a substantial likelihood of success on the merits and affirm.
The record establishes, without dispute, the following factual scenario. In June 2001, a middle school principal position in Brevard County became vacant. Eleven candidates applied for the position. Brenda Blackburn, the Area Two superintendent,[2] assembled a team of five school *313 board employees and herself, to interview the candidates. The team asked questions designed to evaluate the candidates in the areas of communication, judgment, leadership, energy and tolerance for stress. The team also discussed the relative strengths and weaknesses of the candidates and assigned them numerical scores. Based on input from her team, Blackburn recommended two or more candidates to Dr. DiPatri, the superintendent for the county school system.[3] However, all of the eleven applications were ultimately given to DiPatri, and DiPatri decided which applicants to interview and nominate to the School Board.[4]
Knox, an interested citizen who has three children attending Brevard County schools, asked for permission to attend the interviews conducted by Blackburn's team, but was refused. Knox then filed a complaint against the School Board, DiPatri, Blackburn, and the members of the interview team seeking a declaration that the interviews violated section 286.011. Knox also sought a temporary and permanent injunction enjoining the team from conducting any more such interviews.[5] Following an emergency meeting, the trial court denied relief on the ground the Sunshine Law does not apply to such interviews.
A temporary injunction is an extraordinary and drastic remedy whose purpose is to preserve the status quo pending final hearing. The party moving for a temporary injunction must show 1) irreparable harm unless the status quo is maintained, *314 2) no adequate remedy at law and 3) a substantial likelihood of success on the merits. In addition, an injunction may be denied where the injury to the public outweighs any individual right to relief. City of Ormond Beach v. City of Daytona Beach, 794 So.2d 660 (Fla. 5th DCA 2001); Hall v. City of Orlando, 555 So.2d 963 (Fla. 5th DCA 1990).
On appeal, a trial court's denial or granting of a temporary injunction is subject to an abuse of discretion standard of review. A temporary injunction does not decide the merits of a case; no full hearing has been conducted. To rule on a temporary injunction, the court must, early in the case, estimate the likelihood of the plaintiff prevailing on the merits and securing a permanent injunction. These are some of the reasons that a party appealing the denial of a temporary injunction carries a heavy burden to demonstrate that the court's ruling was clearly improper. Rollins, Inc. v. Parker, 755 So.2d 839 (Fla. 5th DCA 2000).
On appeal, Knox contends that Blackburn's team constituted a "board" which engaged in the "official acts" of interviewing and recommending candidates to the school superintendent. Thus Knox argues these interviews are governed by section 286.011 and must be open to the public.
The Sunshine Law applies to actions of school boards. Mitchell v. School Board of Leon County, 335 So.2d 354 (Fla. 1st DCA 1976). If the school board delegates a portion of its decision-making authority to an advisory group, those meetings must be open to the public. See, e.g., Wood v. Marston, 442 So.2d 934 (Fla.1983) (committee appointed by university president to solicit and screen applicants for deanship of law school and to submit a list of best qualified applicants for faculty approval before forwarding list to president for the final selection came within ambit of the Sunshine Law; committee performed policy-based, decision-making function in deciding which applicants to reject from further consideration); Silver Express Co. v. Dist. Bd. of Lower Tribunal Trustees of Miami-Dade Community College, 691 So.2d 1099 (Fla. 3d. DCA 1997) (committee appointed by college's purchasing director to consider and rank proposals to provide flight-training services was subject to Sunshine Law); Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979) (advisory group used by city manager to assist in his decision to select new chief of police was governed by Sunshine Law).
However, the staff of the school board, which includes the superintendent, is generally not subject to the Sunshine Law. Blackford v. Sch. Bd. of Orange County, 375 So.2d 578 (Fla. 5th DCA 1979). Even if the school superintendent is viewed as an "agency" subject to the Sunshine Law, the interview team, in this case, did not have any decision-making function so as to constitute a "board." Compare Wood (faculty committee which screened applicants for position of dean was governed by the Sunshine Law where the committee eliminated applicants); Silver Express Co. (committee was governed by Sunshine Law where its function was to weed through various proposals, determine which were acceptable and to rank them accordingly).
Here, Blackburn's interview team served only an advisory function. It was selected by Blackburn, the area superintendent, and not by DiPatri, the school superintendent. Its purpose was to gather information and impressions about the applicants. Although the team made recommendations, all the applications went to the superintendent and he decided which applicants to interview and nominate to the school board. Since the interview team simply had a fact-finding or advisory role, their meetings were not governed by *315 the Sunshine Law. See Bennett v. Warden, 333 So.2d 97 (Fla. 2d DCA 1976) (career employees' counsel at college, members of which were appointed by the president, was too remote in the decision-making process relating to working conditions of career employees and thus was not governed by the Sunshine Law). See also Cape Publications, Inc. v. City of Palm Bay, 473 So.2d 222 (Fla. 5th DCA 1985) (group which assisted city manager in interviewing persons for the position of police chief was not governed by Sunshine Law; their function was to assist the city manager in acquiring information by asking questions during the interview and discussing with the city manager the qualifications of each candidate after the interview so that he could decide which of three candidates he wished to interview further). A Sunshine violation does not occur when a governmental executive uses staff for a fact-finding and advisory function in fulfilling his or her duties. See Wood.
AFFIRMED.
THOMPSON, CJ., and PALMER, J., concur.
NOTES
[1] Section 286.011 provides as follows:

Public meetings and records; public inspection; criminal and civil penalties
(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
(2) The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded, and such records shall be open to public inspection. The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizen of this state.
[2] As the Area Two superintendent, Blackburn would be the immediate supervisor for this principal. She, in turn, reported to Dr. DiPatri, the superintendent for the whole county.
[3] Section 230.33(7) provides:

Duties and responsibilities of superintendent. The superintendent of schools shall exercise all powers and perform all duties listed below....:
* * *
(7) Personnel.Be responsible, as required herein, for directing the work of the personnel, subject to the requirements of chapter 231, and in addition the superintendent of schools shall have the following duties:
(a) Positions, qualifications, and nominations. Recommend to the district school board duties and responsibilities which need to be performed and positions which need to be filled to make possible the development of an adequate school program in the district; recommend minimum qualifications of personnel for these various positions; and nominate in writing persons to fill such positions .... (emphasis added)
[4] Section 230.23(5) provides:

Powers and duties of school board.-The school board, acting as a board, shall exercise all powers and perform all duties listed below:
* * *
(5) Personnel.Designate positions to be filled, prescribe qualifications for those positions, and provide for the appointment, compensation, promotion, suspension, and dismissal of employees as follows, subject to the requirements of chapter 231:
(a) Positions, qualifications, and appointments. Act upon written recommendations submitted by the superintendent of schools for positions to be filled and for minimum qualifications for personnel for the various positions and act upon written nominations of persons to fill such positions. .... The district school board may reject for good cause any employee nominated. If the third nomination by the superintendent of schools for any position is rejected for good cause, if the superintendent of schools fails to submit a nomination for initial employment within a reasonable time as prescribed by the district school board, or if the superintendent of schools fails to submit a nomination for re-employment within the time prescribed by law, the district school board may proceed on its own motion to fill such position .... (emphasis added)
§ 230.23, Fla. Stat.
[5] Knox filed her complaint and motion for injunctive relief on June 26 at 1:00 p.m. She alleged that the team was scheduled to interview candidates that day at 12:45 p.m. and was to submit its recommendation to DiPatri the following day.