837 So.2d 462 (2002)
Gerardo MOLINA, Appellant,
v.
The CITY OF MIAMI, Appellee.
No. 3D02-1562.
District Court of Appeal of Florida, Third District.
December 18, 2002.
Rehearing and Rehearing Denied February 12, 2003.
Anthony F. Sanchez, for appellant.
Alejandro Vilarello, City Attorney, and Warren Bittner and Regine Monestime, Assistant City Attorneys, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied February 12, 2003.
PER CURIAM.
Gerardo Molina appeals from the dismissal of his complaint and the denial of his motion for injunctive relief. We affirm.
Appellant is the father of a man who was killed by an off-duty City of Miami police officer in December, 1998. Appellant filed a complaint seeking injunctive *463 and declaratory relief under section 286.011(1), Florida Statutes, the Government-in-the-Sunshine Law. Section 286.011 provides in part:
(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
(2) The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded, and such records shall be open to public inspection....
Appellant alleges that the investigations conducted by the Discharge of Firearms Review committee are subject to § 286.011(1), and therefore the committee must perform its business in the sunshine by opening its meetings to the public, noticing the meetings to the public, and recording the minutes of the meetings for public inspection. We disagree.
The Discharge of Firearms Review Committee is a three-person panel made up of the deputy chiefs of the Administration, Field Operations, and Criminal Investigation divisions. The committee makes factual findings, which it then passes on to the chief. In short, the committee is nothing more than a meeting of staff members who serve in a fact-finding, advisory capacity to the chief. The Government-in-the-Sunshine Law is not applicable to meetings of staffers serving in this function. Knox v. District School Bd. of Brevard, 821 So.2d 311, 314-15 (Fla. 5th DCA 2002); Lyon v. Lake County, 765 So.2d 785, 789 (Fla. 5th DCA 2000).
Affirmed.