877 So.2d 8 (2004)
Lee Ellen DASCOTT, Appellant,
v.
PALM BEACH COUNTY, Florida, a political subdivision of the State of Florida, Appellee.
No. 4D03-1427.
District Court of Appeal of Florida, Fourth District.
April 21, 2004.
Order Denying Rehearing July 28, 2004.
*9 Frederick W. Ford, West Palm Beach, for appellant.
Paul F. King, West Palm Beach, for appellee.
Jonathan D. Kaney, Jr., Jonathan D. Kaney, III and Ty Harris of Cobb & Cole, Daytona Beach, for Amicus Curiae First Amendment Foundation.
WARNER, J.
Appellant was terminated from employment with Palm Beach County after proceedings before a pre-termination conference panel convened pursuant to county ordinance. Appellant objected to the closing of the panel's deliberations, claiming that the Government in the Sunshine Act required the panel's deliberations to be public. We agree and reverse.
Appellant was employed as a senior secretary in the Senior Services Division of the Palm Beach County Department of Community Services. In 1998 she was called before the Grievance Committee for violation of County Merit System Rules. After a hearing before the committee, which was not noticed to the public, the committee excluded appellant from its deliberations and ultimately recommended a three-day suspension.
In 2002, appellant was served with a notice of intent to terminate her employment for a second violation of County Merit System Rules. Prior to her termination, a conference was held before a panel consisting of her department head and representatives of the Personnel Director and the Director of the Office of Equal Opportunity. The letter informing her of the hearing stated:
The Director of Employee Relations and Personnel and the Director of Equal Opportunity, or their representatives, will attend this conference as neutrals and will assist in arriving at a final decision as to whether to terminate your services or substitute some modification.
...
If the joint decision of the conference panel is to uphold your discharge, you still retain the right to appeal.... If you are not discharged, you will be informed as to any alternate action agreed on by the panel.

(Emphasis added). During the hearing, appellant was questioned by members of the panel, and her attorney questioned appellant's supervisor and another witness. The panel then instructed appellant and *10 her attorney to leave the room while they deliberated as to whether the proposed termination action should be upheld or modified. Pursuant to the county rules, the department head made the final decision to uphold the recommended termination.
After her termination, appellant filed a complaint for declaratory judgment and injunctive relief against the county, claiming that it violated the Government in the Sunshine Act by failing to provide public notice of the pre-termination conference and by deliberating in secret. She requested the court declare her termination null and void, order the county to reinstate her, and enjoin the county from conducting further pre-termination conferences in violation of the Sunshine Act.
Both appellant and the county filed motions for summary judgment. After filing her motion for summary judgment, appellant was allowed to amend her complaint to allege a violation of the Sunshine Act with respect to the Grievance Committee hearing in 1999. At the hearing on the motions, the county requested that its motion for summary judgment include this amended count because the Sunshine Act issues were the same for both counts.
In the county's motion for summary judgment, it claimed that the employees who deliberated with the department head regarding appellant's termination did not constitute a committee or panel under the meaning of the Sunshine Act. Attached to the motion were three affidavits. The County Administrator swore that he had the sole power to terminate employees and delegated this responsibility to the head of the department where the subject employee is assigned. The department head's affidavit averred that he was designated by the County Administrator to attend the pre-termination conference, and it was he that made the decision to terminate appellant. While the department head did discuss the county's recommendation to terminate her with the other county employees present at the hearing, their input was solely advisory, as he retained sole authority on the issue of termination. A third employee claimed that she was present at the conference and, after appellant left the room, "a short discussion ensued regarding the evidence and argument presented." She claimed that a vote was not taken on the recommendation because the department head held the sole authority to decide whether to terminate appellant.
After hearing the argument on the motions, the court ruled in favor of the county, finding the Sunshine Act inapplicable to the personnel matters under the direction of the County Administrator. It also determined the Sunshine Act was inapplicable because the members of the conference panel and the grievance committee were not public officials. Appellant has appealed these rulings.
The Palm Beach County Charter states, "[t]he executive responsibilities and powers of the County, as authorized by the Board of County Commissioners, shall be assigned to and vested in a County Administrator [who] shall be appointed by and serve at the pleasure of the Board of County Commissioners." Palm Beach County, Fla., Charter art. II, § 2.4. Pursuant to the Palm Beach County Code, the County Administrator shall "[s]uspend, discharge or remove any employee under the jurisdiction of the board of county commissioners pursuant to the procedures adopted by the board...." Palm Beach County, Fla., Code Chapter 2, art. II, § 2-20; see also Palm Beach County Merit System, 1.02D (stating "County Administrator shall select, appoint, employ, suspend, or remove any employee under the jurisdiction of the Board of County Commissioners pursuant to any and all procedures *11 adopted by the Board and in accordance with ... the Merit System Rules"). Thus, the County Administrator has the sole power to suspend or terminate employees of the county.
Pursuant to the charter, the Board of County Commissioners passed an administrative code "provid[ing] a personnel system based on the merit system principle [including] a procedure for hearing terminations and other disciplinary actions for all County employees." Charter, art. II, § 2.4. The County Merit System Rules require that prior to termination, notice shall be provided informing the employee as to the reason for the proposed termination and the date, time and location of the pre-termination conference. See Merit System 7.05 A.1. A "Pre-termination Conference shall be conducted by the Department Head or designee, with the Personnel Director and the Director [of the] Office of Equal Opportunity or their representatives present." Id. at A.2. "[T]he purpose of the conference is to hear the employee's side of the charges to protect the employee from erroneous or arbitrary adverse action. After considering all the evidence, the Department Head or designee shall decide whether to affirm the recommendation to discharge the employee or take other action as deemed appropriate." Id. According to these provisions, the County Administrator's power to terminate employees is delegated to the department head or his designee. After the three member panel hears the evidence presented at the conference, it is up to the department head to determine whether to terminate the employee.
The critical issue in this case is whether the panel that deliberated on the subject of appellant's discipline and termination was a "board" or "commission" within the meaning of the Sunshine Act. Section 286.011(1), Florida Statutes (2002), provides:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
In Wood v. Marston, 442 So.2d 934 (Fla.1983), the court examined the Sunshine Act in connection with a claim that a search committee for a new law school dean was subject to the act, and its meetings were required to be public. There, the power to appoint a dean was vested in the president of the university subject to a provision of the university constitution that required the president to consult with a committee of the college faculty in making the appointment. See 442 So.2d at 936-37. Nothing, however, required the president to make the selection from recommendations of the panel. See id. at 937.
The court noted that the search committee had both a "fact-gathering" role in the solicitation and compilation of applications and a decision-making role in determining which applicants to reject from further consideration. "In deciding which of the applicants to reject from further consideration, the committee performed a policy-based, decision-making function delegated to it by the president of the university through the faculty as a whole." Id. at 938. The court held that application of the Sunshine Act depended on the decision-making nature of the act performed, not the make-up of the board or its proximity to the final decisional act. See id. at *12 941. Where the board or committee, regardless of its make-up, is delegated decision-making authority by a public official, its meetings and deliberations are subject to the Sunshine Act. See id. However, specifically approving Bennett v. Warden, 333 So.2d 97 (Fla. 2d DCA 1976), the court held that where the meetings were not decision-making in nature but were held for the purpose of "fact-finding" to assist a public official in the execution of his or her duties, the public official's consultation with staff or others is not subject to the Sunshine Act. See id.
These principles were applied in Cape Publications, Inc. v. City of Palm Bay, 473 So.2d 222 (Fla. 5th DCA 1985), where the court considered whether the Sunshine Act applied to the selection of a police chief. The city manager, who had sole authority to hire the chief, asked a group of individuals including the city attorney, personnel director, and two law enforcement personnel from other jurisdictions to attend the interviews of prospective candidates to ask questions of a technical nature and offer their comments so that the city manager would be better informed regarding his selection of the police chief. See 473 So.2d at 223. The record showed that the group was delegated no authority and merely assisted the city manager in making his decision.
Reviewing Marston and other cases, the court concluded that in each of the cases where the courts held the Sunshine Act applicable, the committee or panel had been delegated some decision-making authority. For instance, in Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979), a case also involving a city manager seeking to hire a police chief, the public official had delegated to an advisory committee the task of screening applicants and recommending the top four or five to the city manager. See 473 So.2d at 224. Thus, the city manager had delegated at least some decision-making authority to the advisory committee.
In Cape Publications, the court distinguished its facts from these prior cases. It reasoned,
[u]nlike Krause, this group did no screening, conducted no interviews and made no recommendations to the city manager. Those tasks were performed by the city manager who was present at each interview, and who requested the group only to provide him with facts, through questioning and comments, such as would assist him in the execution of his duties. No decision-making was involved in the committee function. If there had been such decision-making function, then the Sunshine Law would apply even if all members of the group were city staff, because it is the nature of the act to be performed, not the make-up of the group, that determines the application of the statute.
Id. at 225.
Cape Publications was relied on by our court in City of Sunrise v. News & Sun-Sentinel Co., 542 So.2d 1354 (Fla. 4th DCA 1989). There, we held that the mayor, who had the sole authority to suspend or remove employees, was not required to comply with the Sunshine Act when meeting with an employee and the employee's supervisor regarding discipline of the employee. See 542 So.2d at 1356. Because there was no delegation of the mayor's authority to any other body, the meeting was not required to be public. See id.
Applying these principles to this case, we conclude that the pre-termination panel constituted a "board" or "commission" because it exercised decision-making authority. While in this case the County Administrator had the sole authority to discipline or terminate county employees, he delegated that authority to each department head. *13 The department head in charge of appellant's pre-termination conference chose to share this authority with the other members of the panel. As the panel exercised a decision-making function, a "board" or "commission" within the meaning of the Sunshine Act was formed. Thus, the deliberations of the panel should have been conducted in the sunshine.
When termination of an employee is considered, the administrative code of the county requires a pre-termination conference. The department head conducts the conference with the Personnel Director and the Director of the Office of Equal Opportunity, or their designees, present. The conference is informal, although the affected employee may bring an attorney to the hearing. Section 7.05 A.2 of the County Merit System Rules further provides that:
The Department Head or designee will explain that the purpose of the conference is to hear the employee's side of the charges to protect the employee from erroneous or arbitrary adverse action.
After considering all the evidence, the Department Head or designee shall decide whether to affirm the recommendation to discharge the employee or take other action as deemed appropriate. The employee will be informed at the conference of the action to be taken.... The discharge will be effective immediately.
Nowhere in the rules is any decision-making authority delegated to the committee as a whole. Nevertheless, whether intended by the Board of County Commissioners or not, the department head deliberated with the panel to determine whether to terminate appellant. This was his intent, as set forth in the letter notifying appellant of the pre-termination conference. He informed appellant that the two representatives will attend this conference as "neutrals." The letter further states that if the "joint decision of the conference panel is to uphold her discharge," appellant may appeal. While the letter describes a delegation of authority to the panel to terminate appellant, the affidavits filed on behalf of the county indicate that no joint decision was made. Nevertheless, the affidavits suggest consultation and advice. We see little distinction between "advice" and "recommendations" in the context of this pre-termination panel. It appears to us that the conference panel assists in determining whether to terminate an employee. Therefore, they participated in the decision-making authority delegated to the department head, and their meeting was subject to the Sunshine Act.
With respect to the Grievance Committee hearings, we hold that these are also subject to the Sunshine Act, because the Grievance Committee is the final hearing body for all matters determined to be grievances and exercises the authority to uphold, modify, or deny any grievance. See Merit System 7.06 A.5.a. Under the County Merit System Rules, the Grievance Committee clearly exercises decision-making authority, and therefore there is no question that this committee falls within the ambit of the Sunshine Act. See Marston, 442 So.2d at 941.
We therefore reverse the final summary judgment of the trial court and remand for further proceedings consistent with this opinion, including a determination of remedies available to the appellant for both violations of the Sunshine Act.
GROSS and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
WARNER, J.
Contrary to its statements in the trial court, the County complains on rehearing *14 that there are disputed issues of material fact and that our opinion weighs the evidence. It points to the affidavits filed by the department head and its employees which state that after the panel hearing, when appellant and her attorney were instructed to leave the room, no vote was taken and the department head alone made the decision to terminate appellant. We do not dispute that was the case. But all the affidavits state that advice was given on the issue to terminate, and there is no dispute that the decision to terminate was made during that closed meeting.
Because it is undisputed that the staff gave advice on the ultimate decision to terminate appellant during the closed-door session, whether or not the staff members voted on the termination decision, we conclude that the closing of the deliberations is a violation of section 286.011(1), Florida Statutes (2002). These undisputed facts distinguish this case from Cape Publications, Inc. v. City of Palm Bay, 473 So.2d 222 (Fla. 5th DCA 1985), and Bennett v. Warden, 333 So.2d 97 (Fla. 2d DCA 1976), where meetings were for fact-finding only, and no decisions were made.
Further, Knox v. District School Board of Brevard, 821 So.2d 311 (Fla. 5th DCA 2002), is also distinguishable. In that case, an advisory panel was established by an area school superintendent to review applications of candidates for a school principal position. Their recommendations were made to the district superintendent who then nominated one candidate to the school board for the position. Because the advisory panel exercised no decision-making authority, and all of the applications were sent to the district superintendent, the court found that the Sunshine Act did not apply to its meetings. See id. at 314-15. In contrast, the panel in this case was established by the Board of County Commissioners through its personnel regulations, and the County Administrator delegated his decision-making authority to the department head who convened the panel to deliberate on the decision to terminate.
The County suggests that the effect of this decision is far reaching. However, we believe that it is limited to its particular facts. Here, the County enacted in its administrative code a Merit System governing its employees, including their termination from employment. It provided for a pre-termination hearing, which included the ultimate decision-maker and designated staff, at which appellant was allowed to be present and contest her termination. Immediately after the hearing, the panel went into a closed-door session during which the ultimate decision to terminate appellant was made. If the County is suggesting that panels meeting on whether to terminate employees are not subject to section 286.011, we rejected that position in City of Sunrise v. News & Sun-Sentinel Co., 542 So.2d 1354 (Fla. 4th DCA 1989). On the other hand, if the County is suggesting that no evaluation and advice on the decision to terminate was given to the ultimate decision-maker at the time of his decision, then there was no need for a closed-door deliberation.
As so limited to the particular facts of this case, we do not agree that this decision has the effect of bringing within the ambit of the Sunshine Act all consultations with staff made by government decision-makers. Therefore, we decline to certify a question of great public importance as requested by the County.
GROSS and HAZOURI, JJ., concur.