KLEIN, J.
In Dascott v. Palm Beach County, 877 So.2d 8 (Fla. 4th DCA 2004), this court held that there was a violation of Florida’s Sunshine Act, section 286.011(1), Florida Statutes (2003), when a panel deliberating the termination of a county employee met in private. Now two county employees who went through the same process filed this action seeking remedies for violations of the Sunshine Act. They seek to make this a class action to include other county employees who were either terminated or disciplined under the same procedure.
The trial court denied class certification on the ground that the two plaintiffs’ claims are not typical of the claims of the other members of the class, explaining that plaintiff Deininger was demoted because she lacked sufficient qualifications in her current position and plaintiff Hackney was terminated for allegedly violent behavior, reasons which were not typical of the reasons for termination of other employees.
Plaintiffs argue that the trial court misapprehended the basis for seeking class certification, which is that the secret meetings used by the county for terminating or demoting employees violated the .Sunshine Law. They argue, correctly, that the trial court should have been concerned with whether the claims arise from the same course of conduct and are based on the *1103 same legal theory. McFadden v. Staley, 687 So.2d 357 (Fla. 4th DCA 1997). None of the arguments raised by the county persuade us that the four requirements under Florida Rule of Civil Procedure 1.220(a) for class certification, numerosity, commonality, typicality and adequacy of representation, have not been met. The order denying class certification is reversed.
STONE, J. and REYES, ISRAEL U., Associate Judge, concur.