938 So.2d 526 (2006)
SCOTT JORDAN, Appellant,
v.
KENNETH CLARENCE JENNE, II, in his official capacity as Sheriff of Broward County, Appellee.
No. 4D05-4266.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
William R. Amlong, Karen Coolman Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for appellant.
Carmen Rodriguez and Jason Nickerson of the Law Offices of Carmen Rodriguez, P.A., Miami, and Edward A. Dion, General Counsel, Broward Sheriff's Office, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, Scott Jordan, appeals the trial court's final order denying his alternative writ of mandamus, a non-final order granting the defendant Kenneth Jenne's motion to dismiss the complaint, and a non-final order denying his motion for preliminary injunction. We affirm in all respects; however, we write to address Jordan's argument on appeal that his termination from employment with the Broward County Sheriff's Office is void ab initio because the committee that recommended his termination violated the Sunshine Act when it convened in private prior to issuing its recommendation to the inspector general.
Scott Jordan was employed as a sheriff's deputy with the Broward County Sheriff's Office (BSO). In 2004, pursuant to a subpoena, he appeared before investigators of the Broward County State Attorney's Office, who were conducting a criminal investigation of BSO's law enforcement personnel involving allegations that the deputies were falsifying police reports to make it appear as if incidents of crime were down and as if more cases were being solved than actually were. In response to questioning, Jordan admitted that he, at the instruction of a sergeant on the detective squad, cleared several unsolved burglaries by falsely attributing those crimes to a suspect for an unrelated crime.
Jordan was subsequently notified by the Broward Sheriff's Office that he was under investigation by its Office of Professional Compliance and was suspended without pay. Jordan's case then went before BSO's Professional Standards Committee (PSC). The record on appeal indicates that the PSC consists of eleven members, including administrative members from the Department of Law Enforcement and Department of Detention and Community Control, a union representative, and non-employee civilians. Meetings of the PSC are not open to the public. When the PSC convenes, it reviews the written investigative report and investigative file prepared by the Office of Professional Compliance and makes a recommendation as to whether the charge will be (1) sustained, (2) not sustained, (3) exonerated, (4) unfounded, or (5) the case should be deferred for more information. Each employee that goes before the PSC is then entitled to a pre-disciplinary conference, at which the employee has the opportunity to present evidence not addressed in the report and give a statement as to why the incident occurred. Prior to the pre-disciplinary conference, a subject employee is allowed to review the investigation file, in its entirety. Following the pre-disciplinary conference, the captain of the hearing makes a recommendation to the inspector general, a designee of the sheriff and non-voting member of the PSC, who then makes a determination on final discipline. The inspector general does not just "rubber stamp" the recommendation of the PSC, but has the discretion to concur with the recommendation, send the case back for further investigation, or reject the recommendation and change the discipline.
In Jordan's case, the PSC convened in private in March 2005 and recommended that the policy violations alleged against Jordan be sustained and that Jordan's employment with the Broward Sheriff's Office be terminated. There is no indication in the record that the inspector general was present during the PSC's private meeting. The next month a pre-disciplinary conference was held and Jordan appeared before a three-person pre-disciplinary committee. Following the conference, the inspector general made the final decision to terminate Jordan's employment based on his violation of the Broward Sheriff's Office policies.
Jordan filed a three count complaint against the Sheriff of Broward County, Kenneth Jenne, for declaratory and injunctive relief seeking reinstatement and back pay. He also filed a motion for preliminary injunction. Jordan alleged a violation of Florida's Sunshine Act under section 286.011, Florida Statutes, and Article I, section 24(b) of the Florida Constitution because he was not permitted to attend PSC's committee meeting or given copies of the minutes of the deliberations. Following a hearing, the trial court denied Jordan's motion for preliminary injunction, finding in part that there was not a substantial likelihood that Jordan would prevail on the merits because the PSC had no decision-making authority, and, therefore, the Sunshine Act did not apply to its meetings. Jordan has appealed this ruling, arguing that the trial court erred in finding that the PSC was not covered by the Sunshine Act.
A trial court's ruling on a motion for an injunction comes to the District Court of Appeal with a presumption of correctness and will be reversed only upon a showing of a clear abuse of discretion. S. Fla. Limousines, Inc. v. Broward County, Fla. Aviation Dep't, 512 So. 2d 1059, 1062 (Fla. 4th DCA 1987). The burden is on the appellant to demonstrate such an abuse of discretion. Id.
The issue on appeal is whether meetings of the PSC, which deliberated on the subject of Jordan's discipline and issued a recommendation to the inspector general who then made the final decision on termination, fall within the ambit of the Sunshine Act. The applicable constitutional and statutory provisions of Florida's Sunshine Law are Article I, section 24(b) of the Florida Constitution and section 286.011, Florida Statutes (2005). Article I, section 24(b) provides as follows:
All meetings of any collegial public body of the executive branch of state government or of any collegial public body of a county, municipality, school district, or special district, at which official acts are to be taken or at which public business of such body is to be transacted or discussed, shall be open and noticed to the public and meetings of the legislature shall be open and noticed as provided in Article III, Section 4(e), except with respect to meetings exempted pursuant to this section or specifically closed by this Constitution.
Section 286.011 provides as follows:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
We find our decision in Dascott v. Palm Beach County, 877 So. 2d 8 (Fla. 4th DCA 2004), to be instructive, where this court examined the Sunshine Act in connection with an action for declaratory relief against the county by a county employee who alleged that her termination violated the Sunshine Act. In Dascott, the appellant was employed as a senior secretary in the Senior Services Division of the Palm Beach County Department of Community Services. Id. at 9. The appellant was served with a notice of intent to terminate her employment for a violation of the County Merit System Rules. Id. The notice of intent specifically advised appellant that the decision as to whether to terminate her employment would be a "joint decision" of the conference panel, consisting of her department head and representatives of the Personnel Director and the Director of the Office of Equal Opportunity. Id. During the hearing, the appellant was questioned by members of the panel, and her attorney questioned appellant's supervisor and another witness. Id. The panel, which included the department head who held the power to terminate appellant, then instructed appellant and her attorney to leave the room while they deliberated in private as to whether the proposed termination action should be upheld or modified. Id. at 10. On motion for rehearing, this Court made it clear that "immediately after the hearing, the panel went into a closed-door session during which the ultimate decision to terminate appellant was made." Id. at 14. Pursuant to the county rules, the department head made the final decision to uphold the recommended termination. Id.
Following her termination, appellant filed a complaint for declaratory judgment and injunctive relief against the county, claiming that it violated the Sunshine Act by failing to provide public notice of the pre-termination conference and by deliberating in secret. Id. On cross-motions for summary judgment, the trial court ruled in favor of the county; however, this court reversed, concluding that the panel that deliberated on the subject of appellant's discipline and termination was a "board" or "commission" within the meaning of the Sunshine Act, section 286.011(1), because the panel exercised decision-making authority. Id. at 12. While the County Administrator had the sole authority to discipline or terminate county employees, he delegated that authority to each department head, and the department head shared this authority with other members of the panel. Id. Furthermore, in Dascott, we emphasized the fact that the department head, who had the authority to make the final decision on discipline, deliberated with the panel to reach a "joint decision" as to appellant's termination:
Nowhere in the rules is any decision-making authority delegated to the committee as a whole. Nevertheless, whether intended by the Board of County Commissioners or not, the department head deliberated with the panel to determine whether to terminate appellant. That was his intent, as set forth in the letter notifying appellant of the pre-termination conference . . . The letter further states that if the "joint decision of the conference panel is to uphold her discharge," appellant may appeal.
Id. at 13.
In addition, as that portion of the Dascott case entitled "On Motion for Rehearing" emphasizes, the decision to terminate was made during the closed meeting. The Dascott court also stated that it was undisputed that the staff gave advice during the closed-door session and that "immediately after the hearing, the panel went into a closed-door session during which the ultimate decision to terminate appellant was made." Id. at 14. By contrast, in the present case, the meeting was fact-finding only, and no ultimate decision was made in a closed-door session with members of the PSC in attendance. Rather, the inspector general, who made the final determination on discipline, did not deliberate with the PSC but reviewed its recommendation without the presence of the PSC. The inspector general himself then made the ultimate decision and was free to reject the recommendation of the PSC. In Dascott, however, the final decision on termination was a "joint decision" of the pre-termination panel, in that the department head in charge of the panel chose to share his authority to discipline county employees with other panel members and conferenced with the panel.
Because the PSC provided only a mere recommendation to the inspector general and did not deliberate with the inspector general, the ultimate authority on termination, we conclude that the PSC does not exercise decision-making authority so as to constitute a "board" or "commission" within the meaning of section 286.011, and as a result, its meetings are not subject to the Sunshine Act. The PSC served only an advisory function, and although it made recommendations, the inspector general made the ultimate decision to terminate Jordan's employment with the BSO.
For these reasons, we affirm the trial court's order denying Jordan's motion for preliminary injunction as there was no Sunshine violation entitling Jordan to relief.
Affirmed.
GUNTHER and MAY, JJ., concur.
Hazouri, J., dissents with opinion.
Not final until disposition of timely filed motion for rehearing.
Hazouri, J., dissenting.
I respectfully dissent. I cannot agree with the majority that the facts and circumstances of the instant case are distinguishable from our opinion in Dascott. In Dascott we found that Palm Beach County violated the Sunshine Act by failing to provide public notice of the pre-termination conference and deliberating in secret.
The majority distinguishes Dascott by placing unwarranted emphasis on the fact that in Dascott the notice of intent to terminate specifically advised the employee that the decision as to whether to terminate her employment would be a "joint decision" of the conference panel. Although that is what the notice indicated, the evidence in Dascott clearly indicated that it was not a joint decision and the majority fails to address how the county in Dascott attempted to dispel the notion that the decision to terminate was a joint decision of the members of the panel and the head of the department.
In the county's motion for summary judgment in Dascott,
it claimed that the employees who deliberated with the department head regarding appellant's termination did not constitute a committee or panel under the meaning of the Sunshine Act. Attached to the motion were three affidavits. The County Administrator swore that he had the sole power to terminate employees and delegated this responsibility to the head of the department where the subject employee is assigned. The department head's affidavit averred that he was designated by the County Administrator to attend the pre-termination conference, and it was he that made the decision to terminate appellant. While the department head did discuss the county's recommendation to terminate her with the other county employees present at the hearing, their input was solely advisory, as he retained sole authority on the issue of termination. A third employee claimed that she was present at the conference and, after appellant left the room, "a short discussion ensued regarding the evidence and argument presented." She claimed that a vote was not taken on the recommendation because the department head held the sole authority to decide whether to terminate appellant.
Dascott, 877 So. 2d at 10.
In Dascott it was the fact that the panel consulted and advised the department head that influenced this court's decision that it was a violation of the Sunshine Act. We noted:
[w]hile the letter describes a delegation of authority to the panel to terminate appellant, the affidavits filed on behalf of the county indicate that no joint decision was made. Nevertheless, the affidavits suggest consultation and advice. We see little distinction between "advice" and "recommendations" in the context of this pre-termination panel. It appears to us that the conference panel assists in determining whether to terminate an employee.
Id. at 13.
Therefore, the PSC constituted a board or commission within the meaning of section 286.011, because it exercised decision-making authority in both reviewing the employee's investigative file and in making a recommendation to the inspector general as to the recommended discipline. I would hold that this case is controlled by our decision in Dascott and would reverse the lower court's determination that Jenne, in his official capacity as the Sheriff of Broward County, violated Florida's Sunshine Act.