STONE, J.
We affirm a final disciplinary order issued against Baker by the Department of Agriculture and Consumer Services (Department). Baker, a pest-control technician, is charged with applying a deficient concentration of a pesticide used for the prevention of subterranean termites in violation of sections 482.051(5) and 482.161(l)(e), Florida Statutes, and Florida Administrative Code Rule 5E-14.106(6).
Section 482.051(5) provides that “any pesticide used for preconstruction treatments for the prevention of subterranean termites be applied in the amount, concentration, and treatment area in accordance with the label.... ” Florida Administrative Code Rule 5E-14.106(6) also states that, “Pesticides used for treatment for the prevention of subterranean termites for new construction shall be applied in the specific amounts, concentration, and treatment areas designated by the label.”
Baker requested a formal hearing pursuant to section 120.57, Florida Statutes, and the case was referred to the Division of Administrative Hearings (DOAH). Baker challenged the investigative process and probable cause determination, alleging that Department failed to comply with section 286.011, Florida Statutes, the government in the “Sunshine” Law, that the investigation was not within Department protocols, that the rule was applied in an inconsistent fashion, contrary to the Fourteenth Amendment, and that Department’s unequal treatment of his case deprived him of administrative fairness. Baker makes the same claims in this appeal. We have considered and reject each claim.
The issues of inconsistency and unequal treatment arise because there is no specific rule detailing how Department staff, under these circumstances, should conduct its internal procedure in investigating, reviewing, and deciding to bring a complaint. Therefore, each case is processed on a case by case basis.
Here, there is no dispute that Department required compliance with the rule as to pesticide concentration, nor that Baker failed to comply with the requirement. Baker also does not contend he was without notice that his failure to apply the required concentration could result in an administrative penalty. The record reflects no deviation from any internal policy in the process followed in preparing and deciding to file the complaint. Further, in a previous challenge Baker made to Department’s practices and procedures, *1163 DOAH recognized that a person subjeet'to Department discipline has ho statutory right to have the case investigated and reviewed in a specific manner. Baker v. Dep’t of Agric. & Consumer Servs., DOAH Case Number 05-0947RU (2006).
Neither the administrative law judge’s order, nor the commission’s order address Baker’s “Sunshine” Law claim. In any ease, there is no basis1 in the record for a “Sunshine” Law violation. Baker objected to administrative discussions during the investigation and charging process. However, there was no meeting of a board, commission, or other public collegial body; the investigation was conducted by Department employees following Department practices, and the ultimate charging decision was- made by the assistant director of Department. Communication among administrative staff in fulfilling investigatory, advisory, or charging functions does not constitute a “Sunshine” Law violation. See generally Knox v. Dist. Sch. Bd. of Brevard 821 So.2d 311 (Fla. 5th DCA 2002).
With respect to the Fourteenth Amendment claim, we note that Baker stated he did not wish the administrative law judge to rule on constitutional issues, but only raised them to preserve the issues for the record. In any event, here, the disciplinary action was not applied unconstitutionally as to Baker; he had no statutorily protected right to have his case conducted in a certain manner, and there was no evidence supporting his contention that he was discriminated against in the inspection process because of a competitor’s concern about his company’s treatment procedure. There is' also nd evidence that Baker was inspected more than once. In any event, it appears that the same investigative procedures were used by Department in all cases.
Therefore, we affirm the final disciplinary order.
STEVENSON, C.J. and BATEMAN, THOMAS H., Ill, Associate Judge, concur.