DAMOORGIAN, J.
Lee Ellen Dascott appeals a final summary judgment in which the trial court found that a party who prevails in an action for wrongful termination under section 286.011, Florida Statutes (2002) (the *48 Sunshine Act) is not entitled to monetary damages in the form of employee back pay. We affirm because back pay is not one of the remedies available under the Sunshine Act.
This appeal follows our decision in Dascott v. Palm Beach County, 877 So.2d 8 (Fla. 4th DCA 2004), in which we held the pre-termination hearing panel and the grievance committee which upheld Ms. Dascott’s termination violated sections 286.011(2),(4) of the Sunshine Act. In our previous decision, we reversed the summary judgment order in favor of the County with directions on remand to conduct further proceedings in accordance with the opinion, “including a determination of remedies available to [Dascott] for both violations of the Sunshine Act.” Id. at 13.
On remand, Ms. Dascott filed a Motion for Entry of Judgment as to Liability and to Set Case for Trial on Damages. The trial court entered judgment in favor of Ms. Dascott on the issue of liability and the County reinstated her, albeit for a short period of time, to her former position of employment. Thereafter, the County filed a motion for partial summary judgment on the issue of damages. In its motion, the County argued that the Sunshine Act did not specifically provide for any monetary remedies beyond attorney’s fees for the prevailing party in an action to enforce the provisions of the Sunshine Act.[1] The trial court agreed with the County’s interpretation and ruled that Ms. Das-cott was not entitled to an award of monetary damages even though she prevailed in her action to enforce the Sunshine Act.
On appeal, Ms. Dascott asserts that she is entitled to equitable relief in the form of back pay. However, the authority on which Ms. Dascott relies does not support her argument. Rather, her authority merely provides that equitable monetary relief may be awarded in declaratory judgment actions when the claim is based on a statute allowing for such. See Depaola v. Town of Davie, 872 So.2d 377, 381 (Fla. 4th DCA 2004) (did not regard the Sunshine Act but held damages were available as incident to a wrongful termination when seeking a declaratory judgment specifically under section 86.011); see also Port Everglades Auth. v. Int’l Longshoremen’s Ass’n, Local 1922-1, 652 So.2d 1169, 1174 (Fla. 4th DCA 1995); Broward County, Fla. Bd. of County Comm’rs v. Burnstein, 470 So.2d 793 (Fla. 4th DCA 1985); Bill Stroop Roofing, Inc. v. Metropolitan Dade County, 788 So.2d 365 (Fla. 3d DCA 2001).
This Court cannot construe the unambiguous Sunshine Act “in a way which would extend, modify, or .limit, its express terms or its reasonable and obvious implications ... [so as to] be an abrogation of legislative power.” Murthy v. N. Sinha Corp., 644 So.2d 983, 986 (Fla.1994). For that reason, remedies sought in an action brought under a statute which creates a statutory right or duty are generally limited to those specified within the statute. See Johnson v. Beany, 665 So.2d 334, 336 (Fla. 5th DCA 1995). In Johnson, a deputy sheriff who had been wrongfully terminated pursuant Chapter 89-507 sought money damages in the form of back pay. The Fifth District found that the deputy was not entitled to back pay because the *49 statute limited his remedy to .reinstatement.
Similarly, the Sunshine Act does not expressly mention or imply by its terms that monetary damages are available as a remedy. The only remedies available pursuant to the Sunshine Act are a declaration of the wrongful action as void and reasonable attorney’s fees. See § 286.011QM4) Fla. Stat. In following Johnson, we construe the Sunshine Act to limit the remedies to those specifically enumerated therein. Consequently, Ms. Dascott may not recover the equitable relief of back pay because money damages are not a remedy provided for by the Act. See § 286.011 Fla. Stat. (2002).

Affirmed.

SHAHOOD, C.J., and KLEIN, J., concur.

. The Sunshine Act provides, in pertinent part:
(4) Whenever an action has been filed against any agency or authority of any county to enforce the provisions of this section or to invalidate the actions of any such board, which action was taken in violation of this section, and the court determines that the defendant to such action acted in violation of this section, the court shall assess a reasonable attorney's fee against such agency....
286.011(4), Fla. Stat. (2002).