WHATLEY, Judge.
 

 John J. McDougall, as Sheriff of Lee County, appeals a final judgment finding that his office violated the Florida Sunshine Law, § 286.011, Fla. Stat. (1999), while conducting internal affair’s (IA) investigations of deputies employed by his office. The deputies, Frances C. Culver, Richard P. Snyder, Stephen A. Humfleet, Linda Kress, Matthew R. Leclair, Scott W. Massingill, and Robert Wardrop, filed a cross-appeal arguing that the trial court erred in entering summary judgment in favor of the Sheriffs Office as to their
 
 *392
 
 claim for damages. We conclude that the IA investigation procedures used by the Sheriffs Office did not violate the Sunshine Law and reverse.
 

 The trial court conducted a bench trial and issued a final judgment containing the following findings of fact. In connection with IA investigations of the deputies, IA officials made findings and recommendations concerning each of the deputies and incorporated those findings and recommendations in written memoranda. The memoranda were given to the deputies’ commanding officers, who then forwarded the memoranda to senior officials in the Sheriffs Office for their review and comments. The memoranda were then given to McDougall and McDougall made the final decision regarding the appropriate disciplinary action. Thereafter, McDou-gall gave written notice of his decision to the deputies, which action concluded the investigations. The memoranda were not made public until the IA investigations were concluded.
 

 In the final judgment, the trial court ruled that the circulation of the memoran-da from the senior officials in the Sheriffs Office to McDougall constituted a “meeting” under the Sunshine Law, and therefore, the failure of the Sheriffs Office to make the memoranda public during the IA investigations was a violation of the Sunshine Law. We conclude that the record supports the trial court’s factual findings; however, we hold that the memoranda did not constitute a meeting of a “board” or “commission,” and therefore, the Sheriffs Office did not violate the Sunshine Law.
 
 See Liner v. Workers Temp. Staffing, Inc.,
 
 990 So.2d 473, 476 (Fla.2008) (“We review the statutory interpretation conducted by the trial court to reach this ultimate ruling de novo, while we defer to those factual findings of the trial court that are supported by competent, substantial evidence from the record.”).
 

 Section 286.011(1) provides as follows:
 

 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
 

 The present case is similar to
 
 Jordan v. Jenne,
 
 938 So.2d 526, 527-28 (Fla. 4th DCA 2006), in which a group was responsible for reviewing investigative reports involving deputies with the Broward County Sheriffs Office and making a recommendation. After such recommendations were made, the deputy was then entitled to a pre-disciplinary conference where the deputy could present evidence.
 
 Id.
 
 at 528. Following the conference, the captain of the hearing made a recommendation to the inspector general.
 
 Id.
 
 The inspector general, a non-voting member of the group, made the determination on final discipline.
 
 Id.
 

 The Fourth District stated that because the group
 

 provided only a mere recommendation to the inspector general and did not deliberate with the inspector general, the ultimate authority on termination, we conclude that the [group] does not exercise decision-making authority so as to constitute a “board” or “commission” within the meaning of section 286.011, and as a result, its meetings are not subject to the Sunshine Act.
 

 Id.
 
 at 530.
 

 This court has also held that meetings between an executive officer and his con
 
 *393
 
 sultants, advisors, staff or personnel, which are held for the purpose of fact-finding to help him in the execution of his duties are not meetings as contemplated by the Sunshine Law.
 
 Bennett v. Warden,
 
 333 So.2d 97, 99 (Fla. 2d DCA 1976).
 
 Bennett
 
 involved meetings in which the president of St. Petersburg Junior College and a group of employees, who were representatives of career employees at the college, discussed suggestions and problems relating to working conditions, wages, and hours.
 
 Id.
 
 at 98. This court held that such meetings did not violate the Sunshine Law.
 
 Id.
 

 Similarly, in
 
 Knox v. District School Board of Brevard,
 
 821 So.2d 311, 312-13 (Fla. 5th DCA 2002), an area superintendent with the school board met with a group of five school board employees and interviewed candidates for a principal’s position. Based on input from the group, she recommended two applicants to the school board superintendent, but all of the applicants’ names were given to the superintendent.
 
 Id.
 
 at 313. The Fifth District held, “A Sunshine violation does not occur when a governmental executive uses staff for a fact-finding and advisory function in fulfilling his or her duties.”
 
 Id.
 
 at 315;
 
 see also Molina v. City of Miami,
 
 837 So.2d 462, 463 (Fla. 3d DCA 2002) (holding that meetings of the Discharge of Firearms Review Committee were not subject to Sunshine Law where committee makes factual findings and passes those findings on to chief of police).
 

 In the present case, the memoranda were reviewed by senior officials in the Sheriffs Office, who could write comments on the memoranda, and the Sheriff then reviewed the memoranda. However, the Sheriff alone made the final decision regarding the appropriate disciplinary action. As was the case in
 
 Bennett, Jordan, Knox,
 
 and
 
 Molina,
 
 the senior officials provided only a recommendation to the Sheriff but they did not deliberate with him nor did they have decision-making authority. Therefore, we conclude that the use of the memoranda did not violate the Sunshine Law.
 
 Cf. Dascott v. Palm Beach County,
 
 877 So.2d 8, 12 (Fla. 4th DCA 2004) (holding that pre-termination panel was a “board” pursuant to the Sunshine Law because it exercised decision-making authority).
 

 Further, because the memoranda were related to an IA investigation, they were confidential. Section 112.533(2)(a), Florida Statutes (2008), discusses IA investigations and states as follows:
 

 A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head’s designee provides written notice to the officer who is the subject of the complaint....
 

 In this case, the memoranda were confidential until the IA investigations were concluded.
 

 Accordingly, the trial court erred in ruling that McDougall, as Sheriff of Lee County, violated the Florida Sunshine Law in failing to make public the memoranda until the IA investigations were concluded, and we reverse the final judgment. Because the final judgment is reversed, the cross-appeal regarding damages is moot.
 

 Reversed.
 

 STRINGER, J., and WILLIAMS, CHARLES E., Associate Judge, Concur.